CIVIL MINUTES -- GENERAL

Case No.  **CV 18-2070-JFW**                                        Date:  March 20, 2018
[CR 14-635-JFW]

Title:  Malachai Levy -v- United States of America

**PRESENT:**
HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                                                                    None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY [filed 3/13/18; Docket No. 1]; and

ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 [filed 3/16/18; Docket No. 4]

On March 13, 2018, Petitioner Malachai Levy ("Petitioner") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate").  On March 16, 2018, Respondent United States of America (the "Government") filed its Motion to Dismiss Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255 ("Motion to Dismiss").  The Court finds that further briefing is unnecessary and finds that this matter is appropriate for decision without oral argument.  After considering the Motion to Vacate and the Motion to Dismiss, and the arguments therein, the Court rules as follows:

For the reasons stated in the Government's Motion to Dismiss, Petitioner's claims are barred by the one year statute of limitations.  In addition, the Court concludes that Petitioner has failed to demonstrate that equitable tolling applies.  Accordingly, Petitioner's Motion to Vacate is **DENIED** and the Government's Motion to Dismiss is **GRANTED**.

Under 28 U.S.C. § 2253(c), a federal prisoner must seek and obtain a certificate of appealability ("COA") to appeal the district court's denial of relief under Section 2255.  28 U.S.C. § 2253 (c)(1).  A district judge may also issue a COA.  See Fed. R. App. P. 22 (b); United States v.

*Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) ("[D]istrict courts possess the authority to issue certificates of appealability in § 2255").

A "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). Notwithstanding dictum that the COA standard is "relatively low," *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002), in practice "[i]t is a rare step for a district court to issue a COA." *McDaniels v. McGrew*, 2013 WL 4040058, at *3 (C.D. Cal. Aug. 8, 2013). A COA may issue "only if the [applicant] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court is mindful that it must resolve doubts about the propriety of a COA in the petitioner's favor, *see Haney v. Muniz*, 2017 WL 3326448, at *3 (C.D. Cal. Aug. 2, 2017) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here. Accordingly, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.